# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

GEORGE H. GRIFFIN,      )
                                  )
                                  )    CIVIL ACTION NO. 3:08-2080-SB-JRM
                Petitioner,   )
                                  )
v.                                )    **REPORT AND RECOMMENDATION**
                                  )
FEDERAL BUREAU OF PRISONS,)
JOHN LAMANNA, WARDEN,   )
FCI EDGEFIELD,          )
                                  )
               Respondents.  )
_____)

      Petitioner, George H. Griffin ("Griffin"), is an inmate at FCI-Edgefield serving a sentence of one hundred twenty (120) months imposed in the Middle District of Georgia for distribution of crack cocaine. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the decision of the Bureau of Prisons ("BOP") that found he was not entitled to an early release pursuant to 18 U.S.C. § 3621 even though he completed the BOP's Residential Drug Abuse Program ("RDAP"). Respondents filed a motion for summary judgment on August 13, 2008. Because Griffin is *pro se*, an order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4ᵗʰ Cir. 1975) was issued on August 13, 2008 explaining to Griffin his responsibility to respond to the motion for summary judgment. Griffin filed a motion for judgment on the pleadings on August 25, 2008, and a response to the summary judgment motion on September 10, 2008. Respondent filed a reply to

1

Griffin's motion for judgment on the pleadings on October 7, 2008.

## Background

The facts are largely undisputed. Griffin applied for, and was accepted into BOP's RDAP program. However, on his acceptance he was specifically notified that he would not be eligible for early release pursuant to 18 U.S.C. § 3621 because he had two prior adult convictions for "Robbery by Intimidation". (Res.Mem., Ex. C).[1]  BOP's determination of ineligibility for early release was based on its regulations, specifically 28 C.F.R. § 550.58, as implemented through its policy statement PS 533.01. On December 8, 2007, Griffin was again notified that while he participated in RDAP, he was ineligible for early release. (Res.Mem., Ex. E).

## Discussion

Griffin asks this Court to direct BOP to consider him eligible for the sentence reduction under 18 U.S.C. § 3621 after completion of RDAP despite his prior convictions.  He cites Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008) for support.

After Congress enacted § 3621, BOP promulgated regulations and issued policy statements to govern its administration.  Predictably, inmates began to challenge BOP's regulations and some were successful. BOP amended 28 C.F.R. § 550.58 in 1997 in response to these challenges.  The interim regulation was made permanent in 2000. Sinclair v. Eichenlaub, 2008 WL 5235981 (E.D.Mich.)  The regulation now provides in part:

> An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a

---

[1]Griffin's Pre-Sentence Investigation (Res.Mem., Ex. D) shows these convictions.

period not to exceed 12 months.

(a) Additional early release criteria. (1) As an exercise of the <u>discretion</u> vested in the Director of the Federal Bureau of Prisons, <u>the following categories of inmates are not eligible for early release</u>: (i) INS detainees; (ii) Pretrial inmates; (iii) Contractual boarders (for example, D.C., State, or military inmates); (iv) <u>Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses</u>; (v) Inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion; (vi) Inmates whose current offense is a felony: (A) That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or (C) That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another, or (D) That by its nature or conduct involves sexual abuse offenses committed upon children.

28 C.F.R. § 550.58 (emphasis added).

In <u>Lopez v. Davis</u>, 531 U.S. 230 (2001), the Supreme Court held that the categorical exclusion of prisoners from the RDAP based on their involvement with firearms contained in the interim regulation was a permissible exercise of BOP's discretion.  However, in a footnote the Supreme Court declined to address whether the BOP had violated the notice and comment requirements of the Administrative Procedure Act ("APA") in publishing the Interim Regulation. *Id.* at no. 6.  The Ninth Circuit addressed the issue left open by the Supreme Court in <u>Arrington v. Daniels</u>, 516 F.3d 1106 (9th Cir. 2008), and found that the BOP had violated the APA in implementing it regulation, "(b)ecause we find that the administrative record contains no rationale explaining the [BOP's] decision to categorically exclude prisoners with convictions involving firearms[2] from eligibility for early release under § 3621(e)." *Id.* at 1111.

---

[2]<u>Arrington</u> dealt with 28 U.S.C. § 550.58(a)(vi)(B) which excludes early release for RDAP for inmates whose offense of conviction involved firearms.  Griffin's exclusion relates to

(continued...)

3

The Ninth Circuit's decision in Arrington has not found favor in other courts and has been severely criticized. *See* Ramirez v. Berkebile, 2008 WL 5435334, *2 (N.D.Tex.) ("To date, no court outside the Ninth Circuit has followed Arrington").  The Ramirez court cited a number of district court cases, principally Minotti v. Whitehead, ___ F.Supp.2d ___, 2008 WL 4791462 (D.Nd. 2008). In Minotti, Judge Titus gave a thorough review of the issue and found that "Arrington is misguided due to binding precedent from the Supreme Court and Fourth Circuit." *Id.* *7.  He noted that "(t)he APA's 'notice and comment' requirements only apply to legislative (i.e., substantive) rules and do not apply to 'interpretive rules, general statements of policy...'" etc. *Id.*  He then found the provision in question to be an interpretive rule not subject to the APA noting that "Arrington...failed to consider, much less discuss, whether the BOP's 2000 Final Rule was legislative/substantive one that is subject to the rigors of notice and comment...rather than an interpretive rule." *Id.* * 9.  Accord Sinclair v. Eichenlaub, *supra* and Snipe v. Department of Justice, 2008 WL 5412868 (N.D.W.Va. 2008).

Based on the above analysis, the undersigned concludes that the regulation excluding Griffin from the benefit of early release under 18 U.S.C. § 3621 is not in violation of the APA.  It is, therefore, recommended that Respondents' motion for summary judgment be **granted**, and

---

[2](...continued)
§ 550.58(a)(iv) which prohibits early release for inmates who had previously committed certain crimes including robbery.  In any event, the analysis with respect to BOP policy is the same.

Petitioner's motion for judgment on the pleadings be **denied**.



_____
Joseph R. McCrorey
United States Magistrate Judge

January 20 , 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

901 Richland Street

Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).