IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

George H. Griffin, )
)
Petitioner, )
) Civil Action No. 3:08-2080-SB
v. )
)
Federal Bureau of Prisons and ) **ORDER**
John LaManna, Warden of FCI )
Edgefield, )
)
Respondents. )
_____ )

This matter is before the Court upon Petitioner George H. Griffin's ("Petitioner" or "Griffin") pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, the Court referred the matter to a United States Magistrate Judge for initial review.

## BACKGROUND

The Petitioner is an inmate at FCI-Edgefield, where he is serving a sentence of one hundred and twenty (120) months, which was imposed in the Middle District of Georgia for the distribution of crack cocaine. On June 2, 2008, the Petitioner filed the present § 2241 petition, wherein he challenges the Bureau of Prisons' ("BOP") determination that he is not entitled to an early release under 18 U.S.C. § 3621 as a result of his completion of the BOP's residential drug abuse program ("RDAP").[1] On August 13, 2008, the Respondents filed a motion for summary judgment, and thereafter, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing the Petitioner

---

[1] Section 3621 allows the Bureau of Prisons to reduce a prisoner's sentence, with certain conditions, after he or she successfully completes a drug treatment program. 18 U.S.C. § 3621.

of the summary judgment rules and procedure and instructing him to respond to the motion for summary judgment. On August 25, 2008, Griffin filed a motion for judgment on the pleadings, and on September 10, 2008, he filed a response to the motion for summary judgment. The Respondents filed a reply on October 7, 2008.

The facts of this case are largely undisputed. The Petitioner applied for, and was accepted into, the BOP's residential drug abuse program. His acceptance form notified him that he would not be eligible for early release pursuant to 18 U.S.C. § 3621 because he had two prior convictions for "Robbery by Intimidation." The BOP's determination of eligibility for early release was based on its regulations, specifically 28 C.F.R. § 550.58, as implemented through its policy statement, PS 533.01. On December 8, 2007, Griffin was again notified that although he participated in RDAP, he was ineligible for early release.

## STANDARD OF REVIEW

The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. See 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion(s) of the R&R to which the objection is made and the basis for the objection. Id. After a review of the record, the R&R, and Griffin's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and overrules Griffin's objections.

## DISCUSSION

In his petition, Griffin asks the Court to direct the BOP to find him eligible for the

2

sentence reduction in 18 U.S.C. § 3621 due to his completion of RDAP and despite his prior robbery-based convictions. In support of his argument, Griffin relies upon Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008).

Section 3621 provides: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). As the Magistrate Judge pointed out in the R&R, after Congress enacted section 3621, the BOP promulgated regulations and issued policy statements to determine which inmates would be eligible for the drug treatment programs and which inmates would be eligible to be considered for sentence reduction upon successful completion of the programs. Because the Act did not define "nonviolent offense," among the first regulations enacted by the BOP was Regulation 550.58, which defined "nonviolent offense" as any offense that is not a "crime of violence" as that term is defined in 18 U.S.C. § 924(c)(3). The BOP also issued Program Statement 5162.02, which excluded a prisoner whose sentence included an enhancement for possession of a firearm from consideration for a sentence reduction.



Following the BOP's promulgation of such regulations and policy statements, several inmates successfully challenged the BOP's reliance on sentence enhancements for possession of a firearm as categorically excluding prisoners from consideration for a sentence reduction. Courts finding this categorical approach improper relied on the plain language of section 3621(e)(2)(B), which permits a sentence reduction for prisoners "*convicted of a nonviolent offense*," but states nothing about the effect of sentence *enhancements*. However, other courts held that a sentence enhancement for a felon in

possession could not properly be categorized as a nonviolent offense.

In response to the successful challenges to its definition of nonviolent offenses, the BOP amended 28 C.F.R. § 550.58 in 1997, and this interim regulation was made permanent in 2000. See Sinclair v. Eichenlaub, 2008 WL 5235981 (E.D. Mich. Dec. 15, 2008). The regulation provides in pertinent part:

> An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 27, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
> (a) Additional early release criteria. (1) As an exercise of the <u>discretion</u> vested in the Director of the Federal Bureau of Prisons, <u>the following categories of inmates are not eligible for early release</u>: (i) INS detainees; (ii) Pretrial inmates; (iii) Contractual boarders (for example, D.C., State, or military inmates); (iv) <u>Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses</u>; (v) Inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion; (vi) Inmates whose current offense is a felony: (A) That has an element, the actual, attempted, or threatened use of physical force against the person or property of another, or (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or (C) That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another, or (D) That by its nature or conduct involves sexual abuse offenses committed upon children.

28 C.F.R. § 550.58 (emphasis added).

In Lopez v. Davis, the Supreme Court held that the interim regulation's categorical exclusion of prisoners from the RDAP based upon their involvement with firearms was a permissible exercise of the BOP's discretion. 531 U.S. 230 (2001). In a footnote, however, the Court declined to address whether the BOP had violated the notice and comment requirements of the Administrative Procedure Act ("APA") in publishing the regulation. Id.

4

at n. 6.  Recently, in Arrington v. Daniels, the Ninth Circuit Court of Appeals addressed the issue left open by the Supreme Court and found that the BOP had violated the APA in implementing the interim regulation, noting that the administrative record contained "no rationale explaining the Bureau's decision to categorically exclude prisoners with convictions involving firearms from eligibility for early release." 516 F.3d 1106, 1112 (9th Cir. 2008).[2]

To date, no court outside the Ninth Circuit has followed Arrington.  In fact, most courts have rejected Arrington as contrary to Lopez, which upheld a nearly identical version of section 550.58.  See Minotti v. Whitehead, 584 F. Supp. 2d 750 (D. Md. 2008); Ramirez v. Berkebile, 2008 WL 5435334 (N.D. Tex. Dec. 31, 2008); Neal v. Grondolsky, 2008 WL 4186901 (D. N.J. Sept. 9, 2008); Gatewood v. Outlaw, 2008 WL 2002650 (E.D. Ark. May 8, 2008); see also Snipe v. Dep't of Justice, No. 3:08-cv-22, 2008 WL 5412868, *3 (N.D. W. Va. Dec. 23, 2008).  In Minotti, the district court for the District of Maryland thoroughly reviewed the issue and found that "Arrington is misguided due to binding precedent from the Supreme Court and the Fourth Circuit."  Id. at 7.  Based on the cases rejecting Arrington, including Minotti, the Magistrate Judge here concluded that the BOP did not violate the APA in implementing the regulation that excludes Griffin from the benefit of early release under 18 U.S.C. § 3621.  After review, the Court agrees with the Magistrate Judge.

---

[2] The prisoners in Arrington were serving sentences for offenses involving firearms, and therefore, they were challenging section 550.58(a)(vi)(B), which excludes early release for inmates whose offenses involved firearms.  See 516 F.3d 1106  Here, the Petitioner's exclusion relates to section 500.58(a)(iv), which prohibits early release for inmates with previous convictions for certain crimes, including robbery.

5

Moreover, the Court has thoroughly reviewed the Petitioner's objections and finds them to be without merit. In his objections, the Petitioner merely rehashes his previously-raised arguments and asks the Court to "provide a detailed comprehensive determination that the Bureau of Prisons['] policies on substance abuse programs still are fraught with problems." (Obj. at 4.) Here, the Court declines to comment on the BOP's policies other than to agree with the other courts who have found Arrington to be at odds with Lopez. The Court, therefore, finds the BOP's regulation excluding Griffin on the basis of pre-conviction conduct to be proper. See Lopez, 531 U.S. at 244 ("Having decided that the Bureau may categorically exclude prisoners based on their preconviction conduct, we further hold that the regulation excluding Lopez is permissible.").

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the R&R (Entry #20) is adopted; the Petitioner's objections (Entry # 23) are overruled; the Respondents' motion for summary judgment (Entry # 12) is granted; and the Petitioner's motion for judgment on the pleadings (Entry # 15) is denied.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

February 23, 2009
Charleston, South Carolina